LAND, J.
Plaintiffs sued the 17 defendants for $2,401.22% for damages, actual and punitory, alleged to have been occasioned by their wrongful stoppage of a shipment of 300 sacks of oysters by use of force, threats, and intimidation. The defense was practically a *507 general denial. In the district court, judgment in solido was rendered, against John Barbier and four of his codefendants in the the sum of $309.75. Of this amount the sum of $100 was awarded for exemplary damages.
The five defendants appealed to the Supreme Court. The plaintiffs and appellees answered the appeal, and prayed that the judgment be amended by increasing the amount to the sum claimed in the petition. An examination of the record convinced the Supreme Court that the demand for $2,000 punitory damages was inflated and exaggerated, and that the real amount in dispute was far below the lower limit of the court’s appellate jurisdiction. The Supreme Court therefore ordered the cause transferred to the Court of Appeal for the parish of Orleans. 54 South. 794[1] in due course the cause was heard and decided by the Court of Appeal, which increased the award of damages to $700. The judgment was reversed as to Tony Protich, on the evidence of an alibi, but, as amended, was affirmed as to John Barbier, Nick Salatich, Tony Francesco, Steve Ruiech, and Mateo Barbier. On application for a rehearing, the name of Mateo Barbier, who had not been condemned by the judgment below, was expunged from the decree, and it was explained that the costs included only such as were incurred in the prosecution of the four defendants who were condemned by the decree of the Court of Appeal.
The first assignment of error made by relators is that the Court of Appeal erred in increasing the amount of the judgment rendered by the district court, in the absence of an answer and prayer by appellees to that effect. On the other hand, the appellees contend that the answer and prayer for an amendment of the judgment filed in the Supreme Court was by agreement of counsel transferred to the Court of Appeal. The agreement reads as follows:
“In this case it is agreed that on complying with the order of court, John Barbier et als. may file in the Court of Appeal and use the original transcript now in the Supreme Court in lieu of the record of the lower court. Appellees waive no rights.”
The consent covered only the original record in the district court. The answer to the appeal taken to the Supreme Court was an original pleading before that tribunal, and therefore constituted no part of the trans-script of appeal. It was attached to the transcript after it was filed in the' Supreme Court for convenience of reference. It goes without saying that a pleading filed in the Supreme Court cannot be adjudicated by the Court of Appeal. In the instant case, the Court of Appeal had no jurisdiction of the amount demanded by the appellees in the Supreme Court. Surely counsel for appellees never intended to renew such a demand in the Court of Appeal. It follows that the Court of Appeal erred in increasing the award of damages.
On the merits, we are not prepared to say that the judgment of the district court is erroneous. The Court of Appeal differed with the trial judge only as to the quantum of damages.
The relator and their companions, some 40 or 50 in number, were associated for the purpose of opposing the enforcement of a certain provision of the oyster laws of the state, prohibiting the shipment of oysters, except in sacks of certain dimensions. On the occasion in question, the attitude and conduct of the defendants were sufficiently minatory to prevent the shipment of a cargo of oysters belonging to the plaintiffs.
It is therefore ordered that the judgment of the Court of Appeal herein he amended by reducing the amount thereof to $305.79, and that, as thus amended, be affirmed. It is further ordered that the plaintiffs pay the costs of this proceeding.

 128 La. 268.